JOHN MYER, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Writ of error — what errors will be considered on — charge of judge.*

Upon the trial of the plaintiff in error for rape, the court refused to charge that he must have "accomplished his purpose in spite of the utmost reluctance and resistance on her part." The prisoner was convicted of an assault with intent to commit rape. Upon a writ of error to review this conviction, *held*, that as the refusal to charge, even if it were error, did not in any way affect the crime of which he was convicted, but only that of which he was acquitted, it furnished no ground to reverse the judgment.

WRIT of error to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the plaintiff in error of an assault with an intent to commit a rape.

*Wm. T. Howe*, for the plaintiff in error.

*B. K. Phelps*, district attorney, for the people.

DAVIS, P. J.:

The prisoner was indicted for the crime of rape. But one of the exceptions taken in the course of the testimony is urged upon our attention by the counsel for the prisoner. That is said in his points, to be found at folio 68 of the error book; and on the points is stated as follows: '" The witness John Koehler was asked if he had had intercourse with this woman (meaning the prosecutrix). The court ruled out the question. This was clearly error."

On referring to "folio 68" no such question and no such ruling are to be found. The counsel was there examining the witness as to the complainant's character. He asked: "Do you know this woman's character?" The witness replied: "No, I don't." The counsel then asked: "You have a good deal of intercourse with her?" This question was objected to and dropped, without ruling or exception. Of course in the absence of a ruling and exception, there is nothing for us to consider. But the question itself did not relate to sexual intercourse; it apparently related to innocent general or business intercourse, from which knowledge of her general character might be derived.

We have looked at all the exceptions taken in the course of the trial prior to the charge, although they are not pressed upon us in the points, and find none of sufficient importance to justify a reversal.

At the close of the charge of the court, the counsel for the prisoner asked the court "to charge the jury, in order to find the prisoner guilty of the charge, they must find that he accomplished his purpose in spite of the utmost reluctance and resistance on her part." The court responded: " If she consented, the criminal character of the offense is done away with;" and afterwards, on being asked if he declined to charge as above requested, the court answered, " Yes, sir;" and an exception was then duly taken.

This refusal to charge is the alleged error chiefly relied upon by the prisoner's counsel.

But in this case, although the prisoner was indicted for rape, the conviction was of *an assault with intent to commit rape,* and for that crime judgment was pronounced upon him. The request related to a crime of which the prisoner was not convicted; and even if the refusal would have been clear error had the prisoner been convicted of rape, it is not perceived that any error can be alleged when the conviction is of an assault with an intent to commit rape. The prisoner cannot be said to have been legally injured in any degree by such a refusal. The charge requested would have been entirely inappropriate if the indictment had been for an assault with intent. It would in such a case have been gross error to have said, that to find the prisoner guilty, the jury must be satisfied that he accomplished his purpose in spite of the utmost reluctance and resistance on the part of the female assaulted. As we are considering a conviction and judgment of assault with intent to commit rape (which necessarily in this case, involves an acquittal of the crime of rape), we must confine ourselves to such errors, if any were committed, as can be said to have injuriously affected the prisoner in respect to the crime of which he was convicted, without regard to those which affected the crime of which he was acquitted. If a prisoner who is indicted for murder, be convicted of assault and battery, he cannot allege on error that the court erroneously defined the crime of murder, or the several degrees of manslaughter.

We do not therefore, pass upon the question whether there was error in the refusal of the court to charge as requested, or in what was said in response to the request; nor whether exceptions were properly taken to raise the question of error which might arise by coupling the response with the request.

There are no legal grounds for disturbing the conviction and judgment, and they are therefore affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.